IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

QUINIQUE JAMES,

    Plaintiff,

VS.                                      CIVIL ACTION NO.:

DENIS MCDONOUGH IN HIS OFFICIAL
CAPACITY AS SECRETARY,
UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS.

                                            JURY TRIAL DEMANDED

    Defendant.

## COMPLAINT

Plaintiff, Quinique James, brings this complaint, by and through her attorney, Andre C. Wharton, alleging discrimination by the Defendant, Denis McDonough, In His Official Capacity as Secretary, United States Department of Veterans Affairs, and states as follows:

### PARTIES

1. Ms. Quinique James (hereafter "Plaintiff"), resides in Shelby County, Tennessee, located in the United States District Court for the Western District of Tennessee.

2. Defendant, Denis McDonough, In His Official Capacity, as Secretary, U.S. Department of Veterans Affairs ("VA"), an agency of the United States of America, which operates a hospital located in Memphis, Shelby County, Tennessee at 1030 Jefferson Avenue, Memphis, Tennessee 38104 (hereafter, collectively "The Memphis VA").

### NATURE OF THE COMPLAINT

3. Plaintiff alleges the Defendant discriminated against her on the basis of her female gender by creating a hostile work environment through acts of sexual harassment.

4. Plaintiff further alleges that the Defendant retaliated against her when she complained about the discriminatory acts alleged herein.

5. On April 22, 2020, Plaintiff filed a formal complaint (200I-0614-20200102792) with the Office of Resolution Management ("ORM") raising these issues.

6. Plaintiff received her Final Agency Decision or Order on March 28, 2023.

7. Pursuant to 29 C.F.R. § 1614.407(a), Ms. James brings this Complaint, seeking relief from Defendant for its harassment, discrimination, hostile work environment, and retaliation, within 90 days of receipt of the VA's Final Order (Exhibit A).

8. This lawsuit is filed within ninety (90) days in receipt of the VA's Final Order, as required by 29 C.F.R. § 1614.407(a).

## JURISDICTION AND VENUE

9. The events giving rise to this complaint took place in Memphis, Shelby County, Tennessee at the Memphis VA Hospital, 1030 Jefferson Avenue, Memphis, Tennessee 38104.

10. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and 42 U.S.C. 2000e-16. This Court has authority to award costs and attorney fees pursuant to 42 U.S.C. § 1988 and/or 28 U.S.C. § 2412 (d).

11. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391.

## FACTS

12. This case arises out of Plaintiff's employment with the Memphis VA which began in March 2019, and continued until she was wrongfully terminated on March 9, 2020.

13. Plaintiff is an African-American female who began her employment with the VA as a Food Nutritionist (WG-4).

14. During her employment as a Food Nutritionist WG-4, Plaintiff performed her job

admirably, quickly gaining positive impressions from and recognition by her supervisors, and was promoted from WG-7408-02, Step 1 to a WG-7408-04, Step 1.

15. Jerveda Crutcher is a female and was a Food Service Worker Supervisor at the Memphis VA and served as Ms. James's first line supervisor.

16. Tiffany Truehill is a female and was the Administrative Section Supervisor at the Memphis VA and served as Ms. James's second line supervisor.

17. Jennifer Earnest is a female and was the Chief of Nutrition and Food Services at the Memphis VA and served as Ms. James's third line supervisor.

18. During her employment with Memphis VA, Plaintiff knew of and occasionally observed and was in the presence of another VA employee, a veteran by the name of Eddie Strawder.

19. At all times relevant to this Complaint, upon information and belief, Eddie Strawder was a Cook, WG-7404-06, for the Memphis VA.

20. It was well known among employees and Memphis VA management that Eddie Strawder had a reputation at the VA to engage in sexually inappropriate conduct toward female employees.

21. Ms. James recalls numerous instances where Mr. Strawder made sexually suggestive comments in group settings in the presence of others.

22. Other employees with the Memphis VA, including those who worked in the Nutrition and Food Services Department were aware of the above-described actions of Eddie Strawder and were aware of his sexual harassment and toxicity toward female employees at the Memphis VA.

23. Throughout her employment at the Memphis VA, Ms. James never indulged in nor welcomed any sexual advances made by Mr. Strawder.

24. On December 13, 2019, Mr. Strawder physically assaulted Plaintiff. Mr. Strawder followed Ms. James into a walk-in freezer area, grabbed her arm, stuck-out his tongue,

3

and attempted to kiss Ms. James in her mouth all because of her female gender.

25. Shocked and traumatized by this utterly offensive attack, Plaintiff asked Eddie Strawder what he was doing and told him she was coming out of the freezer.

26. Plaintiff was able to escape Mr. Strawder's forceful grip and ran toward the exit, at which time Eddie Strawder stated to her suggestively, "different time, different place?" It was clear from Eddie Strawder's bold and callous actions that he felt immune from any consequences from his conduct which had been allowed to exist on several occasions prior to Strawder's attempted sexual assault.

27. Plaintiff engaged in protected activity and immediately reported this egregious act of harassment to one of her supervisors, Ms. Jerveda Crutcher and the Memphis VA Police Department.

28. However, after Ms. James reported Eddie Strawder to management, he remained employed with the VA and was allowed to be present in and move freely about the Memphis VA facility.

29. VA management and VA Police officials investigated Mr. Strawder's sexual assault and advances against Plaintiff.

30. During this period, Plaintiff was continuously fearful of Mr. Strawder, as he was still employed near her.

31. Supervisor Tiffany Truehill told Plaintiff to get used to seeing Mr. Strawder as "the VA is going to take care of him because he is a veteran."

32. On December 13, 2019, after the assault, Plaintiff endured a work environment that was not conducive to and affected her ability to perform her day-to-day activities.

33. Ms. James was given harsh criticisms from her supervisors, including Ms. Jerveda Crutcher and Ms. Tiffany Truehill beginning shortly after the December 13, 2019 incident and after Ms. James reported the same.

34. After the December 13, 2019 assault, Plaintiff was discharged on or about March 9, 2020

for "excessive leave usage" and "unsatisfactory work performance."

35. Although Plaintiff was purportedly discharged for unsatisfactory work performance, she was promoted during her employment with the VA.

36. On or about June of 2019, Complainant was promoted from a Food Service Worker, WG-7408-02, Step 1 to a WG-7408-04, Step 1.

37. Furthermore, her job performance and training were equivalent to that of her male counterparts working in the same area.

38. Ms. James was told specifically by her supervisors, Tiffany Truehill and Jerveda Crutcher, to take some time off after Mr. Strawder's assaulted her.

39. Meanwhile, The Memphis VA police services investigated the allegations concerning the sexual harassment and assault committed by Eddie Strawder, and on or about December 18, 2019, found the allegations truthful and finally proposed that Mr. Strawder's be removed from federal service at the Memphis VA.

40. Even prior to Ms. James being assaulted and harassed by Eddie Strawder, another employee, Ms. Laqueta Hackworth, also endured unwelcomed, inappropriate, and illegal sexual advances in 2019 by Mr. Strawder, and she reported the same to the Memphis VA.

41. Moreover, upon information and belief and beginning in or about 2015, another Memphis VA employee, Mamie Allen, reported unwelcomed and illegal sexual advances and conduct by Eddie Strawder, which reportedly lasted for more than a year.

42. Upon further information and belief, when Ms. Allen reported to management Eddie Strawder's continual and unlawful harassment, the manager refused to believe her and essentially threatened her with a claim that she was filing a false offense report if she moved forward with her complaint.

43. Based on numerous incidents of Eddie Strawder's unwelcome sexual advances prior to Ms. James's sexual harassment and assault incident at the Memphis VA was clearly on notice that Eddie Strawder was creating a hostile work environment, and that such

5

conduct was ongoing, continuous and commonplace.

44. Despite being aware of Eddie Strawder's illegal conduct of frequent, ongoing, continuous and commonplace harassment, the Memphis VA failed to respond adequately in a matter that was reasonably calculated to end the harassment.

45. Upon information and belief, while management and or supervisors of Memphis VA knew or should have known about Eddie Strawder's conduct, they continually allowed him to remain employed and to be present at the Memphis VA facility without taking decisive and adequate action to correct Eddie Strawder and remove the hostility and toxicity that Eddie Strawder's presence and continuous conduct created.

46. On April 22, 2020, Ms. James filed a formal EEO Complaint against the Memphis VA alleging discrimination based on sex (female), reprisal, and being subjected to a hostile work environment.

47. The Equal Employment Opportunity Commission's ("EEOC" or the "Commission") entered its Final Order on March 28, 2023, with Ms. James timely filing suit within ninety (90) days in accordance with 29 C.F.R. 1614.407.

## COUNT I. DISCRIMINATION-DISPARATE TREATMENT/HOSTILE WORK ENVIRONMENT

48. The above averments contained in paragraph nos. 1 through 47 are incorporated herein by reference.

49. Title VII of the Civil Rights Act of 1964 makes it unlawful to for an employer to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's race, color, religion, sex or national origin, including the prevention of hostile work environments.

50. Said protections describe above include preventing disparate treatment and a hostile work environment.

51. Ms. James was a member of a protected class as she was a female, she was subjected to

unwelcome harassment because of her gender as set forth above, the harassment had the effect of interfering with her employment environment, work performance and created an intimidating environment when Memphis VA took a cavalier and inadequate approach to Ms. James's and prior employees' complaints.

52. Due to Eddie Strawder's conduct and Memphis VA's lack of response and more favorable treatment towards other male employees, Ms. James became intimidated, distressed and eventually so uncomfortable in the work environment that she was placed in a situation where she had to take leave from her job.

53. The Memphis VA was aware of Eddie Strawder's behavior prior to Ms. James' report, yet it failed to take appropriate action which resulted in the environment and circumstances Ms. James ultimately endured.

54. Ms. James was forced to work in the presence of and see Eddie Strawder, including before and after his assault and attempted sexual assault of her, which, combined with the Memphis VA's continuing lack of response to Eddie Strawder's illegal actions and its expressed favoritism towards him, Memphis VA created an unreasonable work environment and thus impacted Ms. James's work conditions and work performance.

55. The harassment Ms. James experienced was thus severe and pervasive, objectively intimidating, hostile and offensive and unlawful under Title VII of the Civil Rights Act of 1964.  Moreover, Memphis VA's treatment of Ms. James as compared to other non-reporting males who were similarly situated, among other ways, constituted disparate treatment and sex discrimination toward Ms. James.

## COUNT II. RETALIATION (TITLE VII AND ADA)

56. The above averments contained in paragraph nos. 1 through 55 are incorporated herein by reference.

57. Ms. James engaged in a protected activity by reporting the sexual harassment and assault

7

by her coworker, Eddie Strawder, to management personnel and her supervisors, including Ms. James's reports that she had to see Eddie Strawder on the premises of the Memphis VA after his assault and harassment of her.

58. Ms. James engaged in a protected activity when, after reporting the sexual harassment and assault by her coworker, Eddie Strawder, she exercised leave for medical purposes and/or healing and recuperation from the incidents with Eddie Strawder as allowed by her management and supervisors.

59. The Memphis VA, through its supervisors and managers who supervised Ms. James was aware of Ms. James's reports and complaints arising from Eddie Strawder's conduct and continuing presence.

60. Upon being informed of Eddie Strawder's conduct towards Ms. James, the Memphis VA initially purported to acknowledge the traumatic experience she endured and advised her to take as much time as she needed to recover from what she had just endured.

61. Subsequently, however the Memphis VA began to take adverse employment action, including making claims regarding job performance and then telling Ms. James that she would have to get used to seeing Eddie Strawder and eventually creating a reason to terminate her for tardiness and/or absenteeism

62. On or about March 9. 2020, the Memphis VA eventually followed through on this pretextual reason by terminating Ms. James's employment due to alleged attendance and/or job performance issues.

63. The Memphis VA took this action of terminating Ms. James's employment because of her complaints of harassment and discrimination by Eddie Strawder and Ms. James's continued complaints of the hostile work environment and his continuing presence on the premises, which Ms. James observed.

64. As further evidence of its retaliation, the Memphis VA, in addition to or in the alternative the above, took this action of wrongfully and unlawfully terminating Ms. James's

employment because of her good faith exercise of leave and time off in light of management and supervisor's statements to her to take as much time as she needed.

65. The Memphis VA's willful and malicious acts and omissions as set forth above and to be shown through discovery and trial in this matter, were in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16.

## DAMAGES

66. The above averments contained in paragraph nos. 1 through 65 are incorporated herein by reference.
67. As a result of the foregoing acts and omissions by the Memphis VA, Ms. James has suffered loss of earnings, earning capacity, fringe benefits, humiliation, emotional anxiety, mental anguish, stress, loss of weight, anxiety, insomnia, loss of reputation, and other damages.
68. The Memphis VA violated Ms. James' right to be free from discrimination, harassment, and a hostile work environment based on her sex under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-16 as well as its retaliatory conduct as described above.

## REQUEST FOR RELIEF

**WHEREFORE**, Ms. James respectfully requests that a jury be empaneled to hear her claims, and upon hearing said proof, enter a judgment in her favor and against the Memphis VA and demands such legal and equitable relief as will effectuate the purposes of 42 U.S.C. § 1981, and the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, and the American with Disabilities Act, 42 U.S.C. 12203, including but not limited to, the following:

   a. Accrual of back pay, performance pay, front pay, fringe benefits and other emoluments of employment;

    b. Compensatory damages;

    c. Liquidated damages;

    d. Declaring that the VAMC Memphis discriminated and retaliated against Ms. James in the terms and conditions of her employment, contrary to the express policies of the VA, and establishing a reporting, recordkeeping, and monitoring system to ensure they not recur;

    e. Costs and attorney fees;

    f. Appropriate affirmative action;

    g. Other equitable relief;

    h. Expungement of all records or information maintained by the VA that is inaccurate and/or derogatory to the Plaintiff:

    i. Any interest due on the amount awarded; and

    j. Any other relief that this Court deems just and equitable.

Ms. James prays for damages in an amount to be determined by a jury and for reasonable attorney fees.

THIS the 26th day of June, 2023.

        RESPECTFULLY SUBMITTED,

        ***THE WHARTON LAW FIRM***

        s/André C. Wharton
        André C. Wharton, #022588
        1575 Madison Avenue
        Memphis, Tennessee 38104
        Phone: (901) 726-6884
        Fax: (901) 726-6844
        andrecwharton@thewhartonlawfirm.com
        *Attorney for Plaintiff*